**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:23 PM August 8, 2014**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SII LIQUIDATION COMPANY, | ) | CASE NO. 10-60702 |
| | ) | |
| Debtors. | ) | ADV. NO. 14-6016 |
| _____ | ) | |
| JOHN B. PIDCOCK, AS | ) | JUDGE RUSS KENDIG |
| CREDITOR TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF DECISION** |
| | ) | **(NOT INTENDED FOR** |
| LAURENCE V. GODDARD, et al., | ) | **PUBLICATION)** |
| | ) | |
| Defendants. | ) | |

On June 16, 2014, relying on Federal Rule of Bankruptcy Procedure 7012, Defendant SS&G Parkland Consulting, LLC ("SS&G") filed a motion to dismiss the complaint, claiming Plaintiff failed to adequately plead SS&G's successor liability. Plaintiff argues the allegations create a plausible claim and dismissal is unwarranted.

The court's jurisdiction of this adversary is premised in 28 U.S.C. § 1334 and United States District Court for the Northern District of Ohio's general order of reference, Order 2012-7, dated April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F), (H), and (O). As necessary, Defendants Laurence V. Goddard ("Goddard") and The Parkland Group, Inc.

1

("Parkland") consent to this court's jurisdiction and authority to make a final determination. Venue is appropriate pursuant to 28 U.S.C. § 1409. This opinion represents the court's findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

Plaintiff is trustee of the creditors' trust arising from confirmation of Debtors' liquidation plan on December 15, 2010. In this adversary, he seeks to recover monies for the trust based on alleged breaches of fiduciary duties related to restructuring services in Debtors' chapter 11 case. He bases SS&G's liability for any breaches on a successor liability theory.

On February 28, 2010, Debtors filed an application to employ Parkland to assist with restructuring efforts. The court approved the appointment on March 25, 2010. SS&G was formed later, sometime in 2012. Thus, SS&G could not have provided any restructuring services to Debtors in its own right. Consequently, Plaintiff's claim must rest on the ability to find SS&G liable for Parkland's actions. To this end, Plaintiff pled the following:

> 11.    Defendant SS&G Parkland Consulting, LLC ("SS&G") is an Ohio limited liability company with its principal place of business in this district and is the successor to Parkland.

> 34.    On information and belief, subsequent to the entry of the Confirmation Order, Parkland was merged into or acquired by SS&G. Goddard is a Managing Director of SS&G. SS&G is a mere continuation of Parkland based on the following: (a) SS&G was formed only one month prior to the merger with Parkland; (b) SS&G's employees are largely the same people as Parkland's employees; and (c) SS&G performs the same services as Parkland did.

> 95.    SS&G is a mere continuation of Parkland. SS&G was formed On May 23, 2012, just slightly more than one month prior to The merger with Parkland on July 1, 2012. In addition, SS&G's employees are largely the same people as Parkland's employees, and SS&G performs the same services as Parkland did.

The last allegation is also repeated in paragraph ninety-nine of the complaint. SS&G denied all contentions that it was a successor to Parkland.

## LAW

SS&G's motion to dismiss is brought under Federal Bankruptcy Rule 7012, which

2

incorporates Federal Rule of Civil Procedure 12 into bankruptcy practice. Rule 12(b)(6) provides for dismissal when the complaint fails "to state a claim upon which relief can be granted." The court must view the allegations as true and, on that basis, decide whether a claim is plausible on its face and not merely speculative. <u>Tyler v. DH Capital Mgmt., Inc.</u>, 736 F.3d 455, 459 (6th Cir. 2013) (citations omitted); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

The law concerning successor liability is clear. The general rule in Ohio is that 'the purchaser of a corporation's assets is not liable for the debts and obligations of a seller corporation.' <u>Per-Co, Ltd. v. Great Lakes Factors</u>, 299 Fed.App'x 559, 562 (6th Cir. 2008) (unreported) (citing <u>Welco Indus., Inc. v. Applied Cos.</u>, 67 Ohio St.3d 344, 346 (1993) (other citations omitted)). The Ohio Supreme Court identified four exceptions to this rule:

> (1) the buyer expressly or impliedly agreed to assume such liability;
> (2) the transaction amounts to a *de facto* consolidation or merger;
> (3) the buyer corporation is merely a continuation of the seller cor-
>     poration; or
> (4) the transaction is entered into fraudulently for the purpose of
>     escaping liability.

<u>Welco</u>, 67 Ohio St.3d 344, 347 (citing <u>Flaugher v. Cone Automatic Mach. Co.</u>, 30 Ohio St.3d 60, 62 (1987)).

The contention between the parties centers on how to properly plead successor liability. SS&G urges the court to require Plaintiff to plead facts that support each and every element of the exceptions. This is harsh considering, at this stage, most of the information concerning the specifics of the transaction between Parkland and SS&G is not readily available. <u>Holmes v. Bank of Am., N.A.</u>, 2013 WL 1693709, * 3 (W.D.N.C. 2013) (unpublished) (citing <u>Meier v. Provima, Inc.</u>, 2006 WL 3876371, * 2 (M.D. Fla. 2006). Only through discovery will Plaintiff have an opportunity to identify specific facts to support its theory. For example, without access to the asset purchase agreement, or similar document, Plaintiff would be unable to do anything more than make a conclusory allegation that SS&G assumed Parkland's liabilities. In spite of this, many courts test the allegations of each exception when determining a motion to dismiss a claim for successor liability. *See* <u>Opportunity Fund, LLC v. Epitome Sys., Inc.</u>, 912 F.Supp.2d 531 (S.D. Ohio 2012); <u>JSB Indus., Inc. v. Nexus Payroll Serv., Inc.</u>, 463 F.Supp.2d 103 (D. Mass. 2006); <u>Vital Pharm., Inc. v. USA Sports, Inc.</u>, 2012 WL 760561 (M.D. Penn. 2012) (unpublished); <u>Mamacita, Inc. v. Colborne Acquisition Co., LLC</u>, 2011 WL 881654 (N.D. Ill. 2011) (unreported).

In recognition of the hardship a party may face in pleading successor liability, Plaintiff suggests the court adopt a less stringent pleading requirement. *See* <u>Wilson v. Metals USA, Inc.</u>, 2013 WL 4586919, * 9 (E.D. Cal. 2013) (unpublished); <u>Holmes</u>, 2013 WL 1693709. There is some limited support for Plaintiff's position in this circuit.

3

Although the Sixth Circuit has not articulated the precise pleading requirements for successor liability, it has stated in dicta that "the first prerequisite of any successor liability case is the transfer of some assets from the predecessor to the successor." Third Nat'l Bank in Nashville v. Showbiz Pizza Time, Inc., 1995 WL 385118, * 2 (6th Cir. 1995) (unpublished); Scarff Bros., Inc. v. Bishcher Farms, Inc., 386 Fed.App'x 518 (6th Cir. 2010) (unpublished). Adopting this element forces the alleger to do more than raise a "successor" flag, as Plaintiff did in paragraph eleven of the complaint when he states SS&G "is the successor to Parkland." As a legal conclusion without factual underpinning, the court is free to reject the allegation when testing the sufficiency of the complaint. Ashcroft, 556 U.S. 662, 679. The transfer of assets prerequisite compels a factual underpinning to show the link between the entities is not nebulous.

Plaintiff cleared this hurdle. In paragraph thirty-four, he alleges SS&G results from either a merger or an acquisition. The court can reasonably infer a transfer of assets from either type of union. Plaintiff further alleges Goddard is the managing director of SS&G and SS&G's employs many of the same people as Parkland. The court can also infer that the transfer of knowledge, skill and manpower constitutes a transfer of assets from one company to another. Consequently, Plaintiff sufficiently pled that a transfer between Parkland and SS&G occurred.

The remaining questions focus on what else needs to be pled to establish successor liability. As outlined above, many courts now look at each element of each exception. However, the Western District of Tennessee uses the Sixth Circuit's prerequisite as one of two elements in its successor liability inquiry, requiring "(1) that a transfer of assets has taken place, and (2) that a state law exception to the general rule regarding successor liability applies." Nova Molecular Tech., Inc. v. Penn Specialty Chemicals, Inc., 2009 WL 564433, * 5 (W.D. Tenn. 2009) (unpublished) (citing Carrier Corp. v. Piper, 460 F.Supp. 827, 845 (W.D. Tenn. 2006) (other citation omitted)). The court finds this to be a more reasonable approach considering the potential unavailability of specific facts at the pleading stage. Plaintiff's burden at this stage of the litigation is to provide the court with a basis to conclude that the general rule may be inapplicable. It is also to put Defendant on notice of the basis for its claims. This test does both, as well as allows Plaintiff an opportunity to conduct discovery for facts not at hand. Consequently, the court also will adopt these two considerations in determining whether Plaintiff pled a case for successor liability.

Of the four exceptions, the court finds that Plaintiff pled two. The court can find no allegations that speak either to an express or implied assumption of liability or that the coalition of the two entities results from a fraudulent transaction purposed to avoid liability. The allegations do, however, specifically allege exceptions under the de facto consolidation or merger and continuation theories. The allegations concerning the timing of the transaction, coupled with the overlap in management, employees, and services, create a plausible basis for excepting SS&G from the general rule of successor non-liability.

SS&G's motion will be granted, in part, and denied, in part, by separate order to be entered immediately. Plaintiff will be provided twenty-one days to plead further in the event it wishes, but is not required, to plead additional exceptions or state its claim differently.

4

So ordered.

#       #       #

**<u>Service List:</u>**

Charles V. Longo
Matthew D. Greenwell
25550 Chagrin Blvd., Ste 320
Beachwood, OH 44122

Andrew S. Nicoll
Porter Wright Morris & Arthur, LLP
41 S. High Street, Suite 3100
Columbus, OH 43215

Karen Swanson Haan
Michael A. VanNiel
Daniel Rubin Warren
Thomas D. Warren
Baker & Hostetler, LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482