**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:03 PM March 20, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SII LIQUIDATION COMPANY, | ) | CASE NO. 10-60702 |
| | ) | |
| Debtors. | ) | ADV. NO. 14-6016 |
| _____ | ) | |
| JOHN B. PIDCOCK, AS | ) | JUDGE RUSS KENDIG |
| CREDITOR TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF DECISION** |
| | ) | **(NOT INTENDED FOR** |
| LAURENCE V. GODDARD, et al., | ) | **PUBLICATION)** |
| | ) | |
| Defendants. | ) | |

Two motions to quash subpoenas are before the court: one filed by Parrish, White & Yarnell, P.A. ("Parrish White"), and one filed by David A. Schwab ("David Schwab"). Defendants Laurence V. Goddard ("Goddard") and The Parkland Group, Inc. ("Parkland") filed responses in opposition.

The court's jurisdiction of this adversary is premised in 28 U.S.C. § 1334 and United States District Court for the Northern District of Ohio's general order of reference, Order 2012-7, dated April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F), (H), and (O). As necessary, Goddard and Parkland consent to this court's jurisdiction and authority to make a

1

final determination.   Venue is appropriate pursuant to 28 U.S.C. § 1409.

## BACKGROUND

Plaintiff is trustee of the creditors' trust arising from Debtors'[1] liquidation plan, confirmed on December 15, 2010.   He is represented by Freeborn & Peters LLP.   In this adversary, he seeks to recover monies for the trust based on alleged breaches of fiduciary duties related to restructuring services provided in Debtors' chapter 11 case by Defendants.[2]   Goddard, an employee with Parkland, was chief restructuring officer.   At the time of filing, David Schwab was a shareholder and President of Debtors.   Parrish White, of Naples, Florida, is a law firm that represents David Schwab.

On February 4, 2015, Defendants issued subpoenas to David Schwab and Parrish White.  The subpoenas sought production of documents, information and or objects, or to permit inspection of the same, to Ulmer & Berne, LLP, 1600 W. 2nd St., Suite 1100, Cleveland, Ohio on February 23, 2015 at 9:00 a.m.   The subpoenas specifically stated that "records may be produced in lieu of appearance – see attached rider."   Both David Schwab and Parrish White filed motions to quash the subpoenas issued on them.

## LAW

Discovery is ordinarily broad, allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."   Fed.R.Civ.P. 26(b)(1).   The power to command production through subpoenas is governed by Federal Rule of Civil Procedure 45, applicable to bankruptcy practice through Federal Rule of Bankruptcy Procedure 9016.   The rule provides for the content and service of subpoenas and also establishes parameters to prevent overreach, which may be remedied through a motion to quash or modify the subpoena.   Fed.R.Civ.P. 45(d)(1), (3).   The moving party bears the burden of establishing that a subpoena violates Rule 45.   <u>Stoneeagle Servs., Inc. v. Pay-Plus Solutions, Inc.</u>, 2015 WL 1022083 (N.D. Ohio 2015) (citing <u>Recycled paper Greetings, Inc. v. Davis</u>, 2008 WL 440458, at * 3 (N.D. Ohio 2008)).

**I.   Parrish White Motion to Quash**

**A. Geographic bounds**

Parrish White opposes the subpoena on several fronts.   First, it suggests the subpoena violates Rule 45(c)(2)(A) because it requires production to Ulmer & Berne in Cleveland, which

---

1 The consolidated debtors were Schwab Industries, Inc., Medina Cartage Co., Medina Supply Company, Quality Block & Supply, Inc., O.I.S. Tire, Inc., Twin Cities Concrete Company, Schwab Ready-Mix, Inc., Schwab Materials, Inc., and Eastern Cement Corp.   Following liquidation, Debtors became known as SII Liquidation Co.
2  A third defendant, SS&G Parkland Consulting, LLC, a successor to Parkland, was recently dismissed.

is more than 100 miles from Naples, Florida. The subpoena clearly states that production is permitted in lieu of appearance. Even though the production is to be made more than one hundred miles from Parrish White's Naples address, courts generally find that the ability to mail the documents, without requiring a personal appearance, eliminates the geographic obstacle. *See* Battle v. Chicago Cycle, Inc., 2012 WL 5500507, * 4 fn. 2 (N.D. Ohio 2012); U.S. Bank Nat'l Assoc. v. James, 264 F.R.D. 17 (D. Me. 2010). Although these cases pre-date the most recent amendments to Rule 45, the court finds no basis to deviate from these holdings, which comport with Rule 45(d)(2)(A), stating that production of documents does not require personal appearance unless a deposition, trial or hearing is also scheduled. The court views the compliance contemplated by Rule 45(c)(3)(A)(ii) as the accumulation and dissemination, via mail or electronic transmission, of the requested discovery, which likely can occur from Parrish White's office in Naples or a nearby post office. Consequently, Parrish White will not be required to venture more than 100 miles to fulfill the request.

However, the court does recognize that the "in lieu of appearance" suggests appearance underlies the production. Black's dictionary defines "in lieu of" as "instead of or in place of; in exchange or return for." Black's Law Dictionary (9th ed. 2009). Requiring personal appearance in Cleveland would violate Rule 45 and the court will modify the subpoena to eliminate any suggestion of a requirement for personal appearance.

## B. Request for documents between Parrish White and Freeborn Peters

Defendants request communications between Parrish White and Plaintiff's attorneys, Freeborn & Peters. Parrish White objects on grounds that the request is overbroad and could be requested from Plaintiff's counsel, a party in this action, making it overly burdensome to a non-party.

Under Rule 45(d), the party issuing the subpoena has a duty to mitigate the burden to the responding party. To determine whether the request is unduly burdensome, a court should "consider[] whether 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, and the importance of the discovery in resolving the issues.'" Sheridan v. Kelly, 2015 WL 1179928 (S.D. Ohio 2015) (citations omitted)). Parrish White's status as a non-party also impacts the burden analysis. Hansen Beverage Co. v. Innovation Ventures, LLC, 2009 WL 2351769 (E.D. Mich. 2009) (citing N.D. Right to Life, Inc. v. Leake, 231 F.R.D. 49, 51 (D.D.C. 2005)). Courts encourage discovery on a party before resorting to a non-party. Cleveland Clinic Health Sys.-East Region v. Innovative Placements, Inc., 2012 WL 187979 (N.D. Ohio 2012) (citing Haworth, Inc. v. Herman Miller, Inc., 998 F.2d 975, 978 (Fed.Cir. 1993)).

Defendants mainly focus their response on relevance and cite what other parties have done in similar requests, neither of which is helpful in determining the burden to Parrish White. Defendants failed to adequately provide any basis for seeking this information from Parrish White rather than Plaintiff. Consequently, the court will agree with Parrish White and conclude that this request is overly burdensome to Parrish White.

### C. Blanket request for communications between Parrish White and any other person related to certain discovery from Schwab family members

The court will provide some context for this request before engaging in analysis. Certain Schwab family members are defendants in a separate adversary by Plaintiff, who contends they breached duties to Debtors and engaged in activities that disparaged the sale process. Similar claims have been made against Defendants in this adversary and the claims are intertwined and involve who knew what and when. In this adversary, Defendants stand accused of helping the individual Schwabs to the detriment of the Debtor-corporations. Consequently, many facts overlap and, contrary to Parrish White's position, matters in the individual Schwab action may directly relate to this adversary. Parrish White objects to Defendants' request for "any and all communications between you and any other person" that has information related to the individual Schwab response to an interrogatory issued in the separate adversary. Undisputedly, the layers do convolute the request in the subpoena. However, the court does not find the request as confusing as Parrish White suggests. To the extent that the request for violate attorney-client privilege, Parrish White has the protection of a privilege log upon which it can rely. The motion to quash will be denied as to this request.[3]

### D. David Schwab settlement agreement drafts

Parrish White indicates that no documents are believed to exist, which would appear to moot additional review. However, Parrish White continues it response and said that if there were documents, they are not relevant and would "appear protected under Fed.R.Evid. 408." First, the court outlined above that the two adversary proceedings are related. Defendants suggest the possibility of something untoward in the settlement between David Schwab and Plaintiff, and also claim the possibility of using documents for impeachment purposes.

On the latter grounds, the court finds relevancy to be tenuous. Upon further review, the court finds the request to be a fishing expedition, requiring the court to balance Defendants' need for discovery against the need to prevent blind explorations. Bush v. Dictaphone Corp., 161 F.3d 363 (6th Cir. 1998). Defendants admit they do not know who represented David Schwab during in the settlement agreement. Through their process of elimination, specifically the lack of settlement documents from other firms, Defendants now suggest representation was provided by Parrish White. This defines fishing expedition. As a result, the subpoena exceeds the scope of permissible discovery. However, to the extent documents do exist and would be responsive, it is not up to Parrish White to determine it can withhold information under Federal Rule of Evidence 408, which goes to the admissibility of evidence, not to discovery of evidence. Church v. Dana Kepner Co., Inc., 2013 WL 24437 (D. Colo. 2013) (citing DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677, 685 (D. Kan. 2004)).

---

[3] That is, to the extent there are responsive documents. As Defendants point out, the request may be moot because Parrish White suggests that there are no responsive documents to provide.

4

### E. Failure to provide a reasonable time to comply, undue burden and expense

Except as outlined above, these grounds are briefly and generically mentioned, without elaboration. The court reads these objections more as asides than an actual arguments. However, to the extent arguments are presented, the court finds that the failure to develop the arguments is fatal because Parrish White did not meet its burden of proof of a violation of Rule 45.

For example, regarding the claim of an insufficient response time, the court notes that Parrish White had at least two weeks to respond. The subpoena was issued on February 4, 2015 and gave Parrish White until February 23, 2015. Without have any context as to why a period of more than two weeks is insufficient, the court cannot agree that the period is unreasonable. Similarly, Parrish White has provided no information at all about the number of documents involved, how they are stored, and what effort is necessary to produce the requested information. Consequently, the court cannot find undue burden or expense.

## II. David Schwab Motion to Quash

David Schwab, represented by Parrish White, filed a motion to quash Defendants' Subpoena. His motion contains some identical arguments to those presented in the Parrish White subpoena, including the subpoena violates the geographic limits of Rule 45 and did not allow for a reasonable time frame to comply. These arguments meet the same fates outlined above.

His objection is mainly based on a request for records relating to his personal medical history. He contends that since he is not a party and his medical condition has not been placed into question, the request violates Rule 45. Defendants claim that David Schwab did inject his medical history into issue, making it relevant and discoverable, using it as a "cover" in a deposition. Upon review of the deposition testimony presented by Defendants, the court must agree with David Schwab. The court reads nothing in the deposition testimony to put David Schwab's medical condition into play although the dates of hospitalizations are relevant. David Schwab referenced a conversation with Goddard that occurred in the hospital when he was sedated. (Def.'s Resp., Ex. D, Dep. Tr. 246:9-12) His response was an attempt to recall a date and time, thereby creating a reference point. The court finds nothing in the response to suggest that his medical condition was a factor in the negotiations with OldCastle, the party that purchased Debtors' assets. The motion to quash will be granted, in part, and denied, in part.

The court will immediately enter an order based on this Memorandum of Opinion.

#  #  #

5

14-06016-rk  Doc 99  FILED 03/20/15  ENTERED 03/20/15 16:20:05  Page 5 of 6

**Service List:**

Michael N. Ungar
Todd A. Atkinson
Richard G. Hardy
Lawrence D. Pollack
Ulmer & Berne LLP
1660 West 2nd Street
Suite 1100
Cleveland, OH 44113-1448

Jon D. Parrish
Parrish, White & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, FL 34109